UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FRANKLIN LORD and SHARON | : | |
| SCHUMAN | : | CIVIL ACTION NO. |
|     Plaintiffs, | : | 3:08-CV-1299(JCH) |
| | : | |
|       v. | : | |
| | : | JANUARY 9, 2012 |
| INTERNATIONAL MARINE | : | |
| INSURANCE SERVICES, et al | : | |
|     Defendants. | : | |

**RULING RE: DEFENDANT'S MOTION TO STRIKE (DOC. NO. 66)**

## I.   BACKGROUND

Plaintiffs, Franklin Lord and Sharon Schuman (collectively "plaintiffs"), bring this

action regarding an insurance coverage dispute relating to the sinking of the plaintiffs'

vessel Wanderlust.  On May 24, 2001, plaintiffs submitted an application to International

Marine Underwriters (hereafter "IMU"), a division of Commercial Union, for a marine

insurance policy for the Wanderlust through International Marine Insurance Services,

and two IMIS agents, Alan Golden and Gary Golden (hereafter collectively "IMIS").  On

May 24, 2001, IMU issued a Commercial Union insurance policy to plaintiffs, which was

subsequently renewed through May 24, 2003.

On or about April 29, 2003, plaintiffs reported the sinking of the Wanderlust off

the coast of St. Thomas, United States Virgin Islands, and subsequently made a claim

on their policy.  On June 12, 2003, Commercial Union commenced an action for

declaratory judgment in this court, seeking a declaration that the marine insurance

policy issued to plaintiffs was void <u>ab initio</u> due to material misrepresentations by the plaintiffs in their application.[1]

On October 7, 2005, the court granted Commercial Union's Motion for Summary Judgment, declaring that the plaintiffs' insurance policy was void <u>ab initio</u> due to material misrepresentations in the plaintiffs' application.  On October 11, 2005, the court entered Judgment, declaring that the policy was null and void and that Commercial Union had no liability to the plaintiffs resulting from the loss of the Wanderlust.[2]  The Second Circuit affirmed this decision on appeal.

On July 28, 2009, plaintiffs brought the instant action in Connecticut Superior Court.  Defendants removed the case to this court on August 28, 2008.  In their original Complaint, plaintiffs alleged breach of contract claims based on IMIS's alleged (1) failure to obtain a valid insurance policy for the Wanderlust; (2) failure to return the premiums after coverage was denied; (3) failure to file a true and accurate application of insurance containing a correct date of the vessel's manufacture; and (4) failure to take steps to determine the accuracy of the information provided.  In addition, plaintiffs asserted claims under the Connecticut Unfair Trade Practices Act (hereafter "CUTPA"), Connecticut Unauthorized Insurers Act (hereafter "CUIA"), Connecticut Insurance Plain Language Act (hereafter "CIPLA"), and for breach of the implied duty of good faith and fair dealing.

---

[1] <u>Commercial Union Insurance Co. v. Franklin Lord and Sharon Schuman</u>, No. 3:03-cv-1046 (DJS).

[2] <u>Id.</u>, Doc. No. 31.

The court granted IMIS's and IMU's Motions to Dismiss, finding plaintiffs' claims were barred by the applicable statute of limitations.  The Second Circuit affirmed, in part, and reversed, in part, holding:

> [T]o the extent that Lord premises his breach-of-contract claims on the fact that the defendants failed to return his insurance premiums to him after Commercial Union's tender, his claims are not barred by collateral estoppel.  We question, however, whether Lord's claims in this respect have been sufficiently pleaded. . . On remand, the district court may, in the exercise of its discretion, decide to permit the plaintiff . . . an opportunity to amend his complaint to cure, if he can, any deficiencies.  We have reviewed the remainder of Lord's contentions on appeal . . . and conclude that they are without merit.  Therefore, except for Lord's claim concerning the failure to return the premiums, we affirm the dismissal of Lord's complaint for substantially the reasons stated by the district court in its thorough opinion.

Lord v. International Marine Insurance Services, 420 Fed. Appx. 40, 42 (2d Cir. 2011) (internal citations omitted).  On September 27, 2011, the court granted plaintiffs' Motion to Amend the Complaint.

## III.   STANDARD OF REVIEW

Rule 12(f) permits the court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  The court may act sua sponte or "upon a motion by a party either before responding to the pleading, or, if a response is not allowed, within 21 days after being served with the pleading."  Id.  The court cannot strike a plaintiff's allegations unless "no evidence in support of the allegation would be admissible."  Lipsky v. Commonwealth United Corp., 551 F. 2d 887, 893 (2d Cir. 1976).  Evidentiary questions are more properly analyzed at trial and not "on the sterile field of the pleadings alone."  Id.  Therefore, these motions are viewed unfavorably and rarely granted.  See Rodriguez v. Bear Stearns Cos., Inc., No. 07-cv-1816(JCH), 2009 WL 995865, at *10 (D. Conn. Apr. 14, 2009); Lipsky, 551 F. 2d at 893

("[T]he courts should not tamper with the pleadings unless there is a strong reason for doing so.").

IV.    **DISCUSSION**

The Second Circuit was very clear.  It had questions as to whether plaintiffs' breach of contract claims based on the failure to return the insurance premiums were "sufficiently pleaded."  Lord, 420 Fed. Appx. at 42.  It left it to this court's discretion to decide whether to permit the pro se plaintiffs to opportunity to amend their complaint to cure any deficiencies.  The Court of Appeals affirmed the dismissal of all claims "except for Lord's claim concerning the failure to return the premiums."  Id.  Thus, when this court granted plaintiffs the opportunity to replead, it expressly directed that plaintiffs "may file an Amended Complaint consistent with the Second Circuit's opinion."  See Doc. No. 62.

The plaintiffs' Amended Complaint alleges and claims far more than breach of contract for failure to return the premiums.  As such, the court grants the Motion to Strike paragraphs 57(a), 87(a), 117(a), 147(a), and 177(a).[3]  Further, the court grants defendants' Motion to Strike paragraphs 88, 118, 178, 209, 240, 271, 302, 367, 401, 435, 499, 530, and 561 to the extent that they include claims for, e.g., "a loss of the replacement cost of the Wanderlust ($500,000)," see ¶ 271, or "the financial loss of the actual cash value of the Wanderlust," see ¶ 367.

V.    **CONCLUSION**

For the foregoing reasons, defendants' Motion to Strike (Doc. No. 66) is **granted**.  Further, plaintiffs are hereby **ordered to show cause** why the court should not strike

---

[3] Pursuant to Rule 12(f), the court may strike appropriate material sua sponte.  See Fed. R. Civ. Pro. 12(f).

their claims for violations of CUTPA and fraudulent concealment by Monday, January

30, 2011.  The Clerk is ordered to mail a copy of this Ruling to plaintiffs' listed address.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 9th day of January, 2012.

  /s/ Janet C. Hall
Janet C. Hall
United States District Judge