**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| FRANKLIN LORD and SHARON, SCHUMANN, Plaintiffs, | : | CIVIL ACTION NO. 3:08-CV-1299 (JCH) |
| v. | : | |
| INTERNATIONAL MARINE INSURANCE SERVICES, et al Defendants. | : | MARCH 18, 2013 |

**RULING RE: PLAINTIFF'S MOTION FOR SANCTIONS (Doc. No. 133) and MOTION TO REOPEN CASE (Doc. No. 134)**

## I. INTRODUCTION

The plaintiffs, Franklin Lord and Sharon Schumann, pro se, bring this action in their Second Amended Complaint (Doc. No. 85) against International Marine Underwriters ("IMU"), International Marine Insurance Services ("IMIS"), and two IMIS agents, Alan Golden and Gary Golden (the "Goldens") (all defendants together "defendants"), alleging breach of contract, breach of the implied covenant of good faith and fair dealing, violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a, et seq., and statutory theft under Conn. Gen. Stat. § 27-258 and Conn. Gen. Stat. § 52-564.

Lord and Schumann filed this Motion for Sanctions (Doc. No. 133) as to IMIS's and IMU's alleged repeated failure to turn over discovery. Lord and Schumann also filed a Motion to Reopen Judgment (Doc. No. 134). It is not entirely clear what Lord and Schumann wish to have reopened. They refer both to this court's Ruling on Defendants' Motion to Dismiss from September 21, 2009 ("2009 Ruling Defs' Mot. Dismiss"), and a judgment in an earlier case called Commercial Union Insurance

Company v. Lord, 3:03-cv-0146 (DJS) (2005), which was subsequently affirmed by the Second Circuit Court of Appeals and was before another judge in this District.  Lord and Schumann allege that the court's 2009 Ruling was premised on factual assertions from the Defendants that were fraudulent, meriting a determination that Lord and Schumann can reassert the claims dismissed in 2009.

For the following reasons, Lord and Schumann's Motion for Sanctions is **denied in part** pending the submission of additional information as explained in this Ruling. Lord and Schumann's Motion to Reopen Judgment is **denied**.

## II. DISCUSSION

### A. Motion for Sanctions

Discovery in this case concluded on December 11, 2012.  See Doc. No. 129. Prior to that discovery deadline, Lord and Schumann filed a Motion to Compel (Doc. No. 107) the Defendants to turn over relevant discovery.  Following a hearing on the matter, the court granted the Motion (Doc. No. 116) and ordered the additional production of documents.  Some discovery was produced.  Lord and Schumann allege that this discovery production from both IMIS and IMU was insufficient, and as a result Lord and Schumann wrote separate letters to the two defendants asking for additional material. They claim that the defendants' failure to provide the requested documentation merits sanctions.

#### 1. IMIS

As to IMIS, Lord and Schumann assert they requested four additional pieces of discovery in a letter sent on October 23, 2012: a memorandum and billing information concerning Lord and Schumann's premium check sent by IMIS to IMU (the content of

which is referenced in an email attached to an earlier production of discovery), a file relating to One Beacon AC, notes related to a particular phone call between Lord and IMIS, and a copy of the deposit slip that was used to deposit the check IMIS received from IMU.  In response to this last request, counsel for IMIS sent Lord an email stating that IMIS would agree to stipulate that it received a $6,751.20 check from IMU and that check was subsequently deposited in an IMIS "trustee" account.  See Motion for Sanctions at 3-4.  Lord and Schumann further argue that this proposed stipulation is a falsehood because the bank account in question was not identified as a "trustee account" when Lord and Schumann subpoenaed the bank for the names associated with the bank account.

In response, IMIS attaches its correspondence with Lord, as well as its Response to Lord's Request for Documents dated October 23, 2012.  See IMIS' Memorandum in Opposition to Plaintiff's Motion for Sanctions ("IMIS Memo. Opp. Mot. Sanctions") (Doc. No.  141) at Ex. B.  IMIS also includes an affidavit from Alan Golden, the president of IMIS and a co-defendant in this case, asserting that he reviewed IMIS' files regarding the four documents Lord requested and found no responsive documents.  Id. at Ex. C.  Lord and Schumann respond that they have no faith in the veracity of the Golden Affidavit, and that IMIS certainly possesses additional documents.

In reviewing the email correspondence between Attorney Darren Renner and Lord, it does not appear that each of Lord's four specific requests were responded to directly, although there is direct mention of the "return of premium" issue (which might relate to the memorandum sent to IMU referenced by Lord) and the deposit slip issue.  See IMIS Memo. Opp. Mot. Sanctions at Ex. B at 2.  No mention is made of the One

Beacon AC file or the phone call between Lord and IMIS. The court does note with dismay that comprehensive responses to Lord's discovery questions have not always been immediately forthcoming in this case and have been dependent on impending court dates. Indeed, it took the filing of this Motion for IMIS to respond to those remaining documentary requests and submit an affidavit that IMIS could not locate them. While the court does not find these actions to rise to the level of sanctionable activity under Rule 37 of the Federal Rules of Civil Procedure, it does warn IMIS that all of Lord's requests merit a prompt response, and that if those requests are duplicative or somehow impossible to fulfill, then IMIS should indicate as much in a sworn pleading. Failure to do so in the future will result in sanctions.

The court, however, will withhold entry of its denial of this Motion until IMIS submits a formal stipulation as to the deposit slip issue, as well as its position (and the bases for it) regarding whether the account in which the premium check was deposited was indeed a "trustee" account, and what IMIS means by that designation. This should not be construed as an invitation to additional argument or briefing on the issue of sanctions from either party.

2. IMU

Lord and Schumann also bring a Motion for Sanctions against IMU. Lord and Schumann have a variety of complaints regarding IMU's October 17, 2012 response to their discovery request. Lord and Schumann have not attached a copy of additional interrogatories sent following receipt of the October 17, 2012 response, but it appears to have been based on objections to IMU's claims that it was not in possession of additional documents responsive to Lord and Schumann's requests. Lord and

Schumann's proof of IMU's lack of veracity on the matter consists primarily of IMU's statements about its general policy regarding the length of time that it keeps files in its archives, and answers by a member of the Connecticut Insurance Department and a Certified Public Accountant as to general rules of thumb regarding standard industry practices.

IMU, however, through its response to Lord and Schumann's initial discovery request and through an affidavit from an IMU claims representative, indicated that IMU performed a search as to relevant documents and disclosed those documents to Lord and Schumann.  See IMU's Memorandum in Opposition to Motion for Sanctions ("IMU Memo. Opp. Mot. Sanctions") (Doc. No. 142) at Ex. B, C.

Lord and Schumann have come forward with no evidence other than mere conjecture that IMU has been less than fully forthcoming in its discovery response.  IMU has stated, via sworn affidavit, that all responsive documents have been disclosed following a thorough search, and Lord and Schumann have in no way suggested how such a search could have been improved or conducted differently.  Accordingly, the court will deny the Motion for Sanctions as to IMU.

Lord and Schumann have also indicated that IMU misidentified the job description and office location of an individual named Denis Cartier in its response to Lord and Schumann's request for discovery.  IMU admits this was error.  Id. at 2. Accordingly, the court will delay its denial of the Motion for Sanctions as to IMU pending IMU's submission of a sworn affidavit or updated interrogatory response reflecting the corrected information.  This should not be construed as an invitation to additional argument or briefing on the issue of sanctions from either party.

B. Motion to Reopen Judgment

Lord and Schumann next argue that the court's Ruling on Defendants' Motions to Dismiss from September 21, 2009 (Doc. No. 46) should be set aside because a fraud was perpetrated on the court. Specifically, Lord and Schumann argue that at the time the court was considering its Ruling, counsel for the defendants argued that a returned premium check had been tendered to Lord and Schumann. While there is no dispute that this initial check was sent, Lord and Schumann argue that the defendants failed to mention that they had actually stopped payment on that check and that IMU sent a new premium check to IMIS. For Lord and Schumann, this re-issuance makes the claim that the check was actually tendered (and the insurance policy rescinded) simply untrue.

The court notes that its September 21, 2009 Ruling was subsequently affirmed in part and reversed in part by the Second Circuit. See Lord v. Int'l Marine Ins. Serv., 420 Fed.Appx. 40 (2d Cir. 2011).

Lord and Schumann's Motion appears to be based on Rule 60 of the Federal Rules of Civil Procedure, which provides that, "A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) [fraud] no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). "This limitations period is absolute." Warren v. Garvin, 219 F.3d 111, 114 (2d Cir. 2000). Further, this time period is not tolled by the filing of an appeal. See King v. First Am. Investigations, 287 F.3d 91 (2d Cir. 2002).

Well over three years have passed since the court's Ruling and Judgment (Doc. No. 47) in 2009. Further, to the extent that Lord and Schumann claim that the information related to the stopped payment on the original returned premium check is

newly obtained information, this assertion is belied by both Lord and Schumann's submissions and their deposition testimony. Lord and Schumann were, at the very latest, aware of this fact on November 17, 2011, when they filed their Amended Complaint (Doc. No. 65). See Am. Compl. at ¶ 24 ("IMU stopped payment on that check without informing the court, before the judgment was issued, and instead issued a check to IMIS"). Lord and Schumann failed to file the instant Motion until January 2, 2013, clearly outside the one year time limit. More likely, Lord and Schumann were aware of this fact in 2008, when they received a letter regarding the checks in question and the fact of the issuance of a check to IMIS. See IMIS' Memorandum of Law in Opposition to Plaintiff's Motion to Reopen Judgment ("IMIS' Memo. Opp. Pl.'s Mot. Reopen J.") (Doc. No. 140) at Ex. A. Franklin Lord Deposition at 43-45.

Moreover, to the extent that this court has discretion to ignore the "absolute" one-year time limit, it declines to do so. Lord and Schumann have been aware of this issue for an extended period of time, and the court does not regard the allegations at issue here as anything approaching the type of fraud that would merit the revisiting of a prior judgment. Accordingly, the Motion to Reopen Judgment is denied.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Reopen Judgment (Doc. No. 134) is **denied**. As to Plaintiff's Motion for Sanctions (Doc. No. 133), the court will withhold its denial of the motion until IMU and IMIS comply with the court's Orders as outlined above at section II-A-1 and II-A-2. The court will not permit additional briefing or argument on the Motion. IMU and IMIS shall comply with these Orders by March 25, 2013.

**SO ORDERED.**

Dated at New Haven, Connecticut this 18th day of March, 2013.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge